Argued and submitted March 31, affirmed July 13, reconsideration denied
September 9, petition for review denied October 18, 1988 (307 Or 77)

# STATE OF OREGON,
### *Respondent,*

*v.*

# ALVIN HAROLD BUCK,
### *Appellant.*

## (10-86-03599; CA A43225)

757 P2d 861

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Michael C. Livingston and Thomas H. Denney, Assistant Attorneys General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals his conviction for incest. ORS 163.525. He contends that the statute is unconstitutionally vague and overbroad and denies him equal protection, in violation of Article 1, sections 20 and 21, of the Oregon Constitution and the Fourteenth Amendment.[1] We affirm.

Defendant was indicted for having engaged in sexual intercourse with his stepdaughter, who was over eighteen years of age at the time. He demurred to the indictment, alleging that his stepdaughter was not a child at the time, that the state did not have a legitimate interest in protecting step-children and that the statute is unconstitutionally vague and overbroad. The trial court overruled the demurrer, and defendant was convicted in a stipulated facts trial.

■ Defendant argues that the statute does not prohibit sexual intercourse between a stepfather and a stepdaughter over the age of eighteen. We disagree. ORS 163.525(1) provides:

"A person commits the crime of incest if the person marries or engages in sexual intercourse or deviate sexual intercourse with a person whom the person knows to be related to the person, either legitimately or illegitimately, as an ancestor, descendant or brother or sister of either the whole or half blood."

ORS 163.505(1) provides:

" 'Descendant' includes persons related by descending lineal consanguinity, step-children and lawfully adopted children."

A stepchild is a "descendant" for the purposes of ORS

---

[1] Article 1, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which upon the same terms, shall not equally belong to all citizens."

Article 1, section 21, provides:

"No *ex post facto* law * * * shall ever be passed * * *."

The Fourteenth Amendment provides, in relevant part:

"No state shall make or enforce any law which shall abridge the privileges or immunities of Citizens of the United States; not shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

163.525, whether or not the child has reached the age of majority. Unlike other statutes which make consensual sexual conduct criminal,[2] the scope of ORS 163.525(1) is not limited to persons under a certain age. The victim's age is not an element of the crime. The relationship to the defendant is an element.

■■ Defendant contends that the term "descendant" is unconstitutionally vague and overbroad. He argues that the definition invites standardless and unequal application of the laws and violates the rule against *ex post facto* laws. The state argues that the term is sufficient to give fair notice of the nature of the relationship that brings a person within the coverage of the statute. In *State v. Graves,* 299 Or 189, 195, 700 P2d 244 (1985), the Supreme Court explained the constitutional requirements with respect to vagueness:

> "A criminal statute need not define an offense with such precision that a person in every case can determine in advance that a specific conduct will be within the statute's reach. However, a reasonable degree of certainty is required by Article 1, sections 20 and 21."

"Descendant" is defined in such a way that a person can tell whether the relationship with another will render the person liable to the statute's penalties if they engage in sexual intercourse. It does not give a judge or jury uncontrolled discretion in determining whether a defendant has violated the statute and, therefore, does not violate the state constitution. *State v. Graves, supra,* 299 Or at 195. Also, it is not unconstitutionally vague under the Fourteenth Amendment. *Village of Hoffman Estates v. Flipside,* 455 US 489, 498, 102 S Ct 1186, 71 L Ed 2d 362 (1982).

Defendant argues that ORS 163.525 is overbroad. A statute is unconstitutionally overbroad if its terms exceed constitutional limitations, reaching conduct which is protected. He cites *State v. Robertson,* 293 Or 402, 410, 649 P2d 569 (1982), for the definition of overbreadth. However, he does not refer to any state constitutional right which the statute may invade. It cannot, therefore, be overbroad.

■ Defendant argues that the statute reaches so far that it violates his federal right to privacy. He relies on *Roe v.*

---

[2] *See, e.g.,* ORS 163.355 *et seq.*

*Wade,* 410 US 113, 93 S Ct 705, 35 L Ed 2d 147 (1973); *Loving v. Virginia,* 388 US 1, 87 S Ct 1817, 18 L Ed 2d 1010 (1967); and *Griswold v. Connecticut,* 381 US 479, 85 S Ct 1678, 14 L Ed 2d 510 (1965). However, in recognizing a constitutional right to privacy and the accompanying rights to marriage, procreation and contraception, the United States Supreme Court did not prohibit all legislation affecting sexual intercourse between consenting adults. *See Carey v. Population Services International,* 431 US 678, 688 n 5, 694 n 17, 97 S Ct 2010, 52 L Ed 2d 675 (1977). The cases cited by defendant were based on the recognition of the family. ORS 163.525 was enacted to further the interest of the family.

Defendant also argues that this court should interpret ORS 163.525 to require a relationship by blood as a necessary element of the crime of incest, as other states have done by statute. *See, e.g.,* Cal Penal Code § 285; NY Penal Law § 255.25; Wash Rev Code Ann § 9A.64.020(3). Because we do not find a constitutional infringement, the question of whether the statute should be limited to blood relationships is one for the legislature. ORS 163.525 is not unconstitutionally overbroad.

■ Defendant contends that the statute violates the Privileges and Immunities Clause of the Oregon Constitution and denies him the equal protection of the laws guaranteed by the Fourteenth Amendment. He argues that the statute improperly discriminates between married and unmarried persons by making criminal when done by married persons what is innocent when done by unmarried persons and that there is no rational explanation for the difference in treatment. The state argues that, because defendant is not a member of a suspect class and because the classification, if any, is rationally related to the furtherance of a legitimate government purpose, ORS 163.525 is not unconstitutional.

Article I, section 20, prohibits discrimination between those who are similarly situated. *State v. Clark,* 291 Or 231, 237-41, 630 P2d 810 (1981). The statute only prohibits sexual intercourse if the defendant is married to the child's parent; it does not affect all married persons. Marrying the natural or adoptive parent of a child creates the relationship that the statutory proscription against incest is intended to protect. The different treatment accorded to those who fit

within that relationship as opposed to those who do not is closely and rationally related to the legitimate governmental purpose of protection of the family. The statute also does not deny defendant equal protection under the United States Constitution. *State v. Clark, supra,* 291 Or at 243-44.

Affirmed.